## *In re* GIBBONS.

### *In re* LEXINGTON AVE.

**(Supreme Court, General Term, First Department. May 23, 1890.)**

MUNICIPAL CORPORATIONS—ASSESSMENTS—DIRECTORY STATUTE.

　　Laws N. Y. 1880, c. 550, § 1, providing that "all officers charged with any duty connected with the imposition or confirmation of assessments for local improvements in the city of New York are hereby directed so to perform such duty that assessments for all local improvements heretofore completed shall be finally passed

upon by the board for revision and correction of assessments, * * * within six months after the passage of this act," is merely directory, and an assessment may be levied within a reasonable time after the six months have expired.

Appeal from special term, New York county.

Petition by Margaret Gibbons to vacate an assessment for Lexington avenue, regulating, grading, curbing, etc., from One Hundred and Second street to Harlem river, confirmed June 29, 1887. The petition was denied, and petitioner appeals.

Laws N. Y. 1880, c. 550, § 1, provides that "all officers charged with any duty connected with the imposition or confirmation of assessments for local improvements in the city of New York are hereby directed so to perform such duty that assessments for all local improvements heretofore completed shall be finally passed upon by the board for the revision and correction of assessments, pursuant to the provisions of law relating to assessments in said city, within six months after the passage of this act."

The following opinion was delivered at special term: "ANDREWS, J. It seems to me that all the questions raised in this proceeding have been disposed of adversely to the petitioner by the decisions in *Matter of Deering*. The provisions of section 1 of chapter 550 of the Laws of 1880, requiring all assessments for local improvements theretofore completed to be finally passed upon within six months from the passage of that act were fully and carefully considered in that matter. The general term of the court of common pleas held that such provision was not mandatory, but merely directory; that an assessment for such improvements might be laid within a reasonable time after the expiration of such six months; and the application to vacate an assessment laid in 1885, for an improvement completed in 1872 was denied, because it was considered that, in view of certain litigations which were pending, and of other complications, the assessment had not been unreasonably delayed. 14 Daly, 89. The order of the general term of the common pleas was affirmed by the court of appeals, but no opinion was delivered in the latter court. 105 N. Y. 667, 13 N. E. Rep. 928. It is contended by the counsel of the petitioner that the decision in *Re Deering* does not apply to the case at bar, because in that proceeding the petitioner could have gone before the assessment commissioners, while in this case no such opportunity has been afforded. There is no evidence before me that if the petitioner in this case had had an opportunity to go before the assessment commissioners he would have obtained any relief. It is stated in the brief of petitioner's counsel that he would have had grounds for equitable relief before such commissioners, because the area of assessment was limited to land north of One Hundred and Second street, and that other equally substantial grounds for equitable relief existed. No decision can be based upon this statement, because it is not supported by any legal proof before me. Moreover, the decision in *Re Deering* was not placed upon the ground that the petitioner in that case might have gone before the assessment commissioners, but upon the broad ground that the provisions of said section 1, c. 550, Laws 1880, were not mandatory. It is also claimed by the petitioner's counsel that the delay in the case at bar in laying the assessment was unreasonable. I do not think this claim is well founded. The reasons for delaying the assessment in this case are as good and sufficient as those which existed in *Matter of Deering*, where a delay of thirteen years was held to be reasonable. It is also claimed by petitioner's counsel that, if the entire assessment is not vacated, it should be reduced by an amount equal to the interest which was included. The interest included in the assessment was calculated only to August 20, 1880, and the petitioner has not been prejudiced, so far as the interest is concerned, by the delay which has occurred since that day. Moreover, the statute, by its express terms, applies to all 'assessments hereafter imposed for local improvements,' and it was held in *Re Deering, supra,* that the interest was properly included in the

assessment, although the improvement in that case had been completed some years prior to 1880. . The application must be denied, with costs."

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*James A. Deering,* for appellant.  *William .H. Clark,* Corp. Counsel, for respondent.

BARRETT, J.  The order appealed from should be affirmed upon the authority of *In re Deering,* 14 Daly, 89; 105 N. Y. 667, 13 N. E. Rep. 928.  There seems to be no substantial distinction between that well-considered case and the present, and we concur in the views entertained at special term upon that head.  Mr. Justice ANDREWS' opinion is quite satisfactory, and needs no amplification.  Order affirmed, with costs.  All concur.